IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02595-MSK-CBS

DAVID K. SPREHE,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE;
JOHN E. POTTER, Postmaster General (Western Area) of the United States Postal Service,

    Defendants.

---

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment **(#30)**, to which Plaintiff David M. Sprehe responded **(#38)**, and the Defendants replied **(#42)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I.   Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

### II.   Material Facts

Having reviewed all of the parties' submissions, and having construed any disputed fact most favorably to the non-movant, the Court finds the material facts to be as follows.

Mr. Sprehe began working for the United States Postal Service as a city mail carrier in 1992. In December 1993, while performing his duties, Mr. Sprehe slipped and fell on ice sustaining multiple fractures of his right tibia and fibula. He developed deep vein thrombosis and post-phlebitic syndrome in his right leg. These injuries prevent Mr. Sprehe from standing in

one place for more than 15 minutes, rendering him unable to perform the duties of a city mail carrier, even with accommodation. After his injury, Mr. Sprehe filed for Worker's Compensation benefits with the Office of Worker's Compensation Program ("OWCP").

In June 1995, Mr. Sprehe was offered a position within the U.S. Postal Service at the General Mail Facility during the night shift. Mr. Sprehe rejected this job offer because (a) the duties of the job would adversely affect the management of his health and (b) the job was not a permanent position. Mr. Sprehe was placed on "non-pay" status from June 1995 to December 1996, but in December 1996, was placed on disability retirement status.

In April 1999, Mr. Sprehe accepted a limited duty position at the Post Office in Parker, Colorado. The job offer listed the duties in this position as:

> Employee will sit and do data input 3–4 hours a day. Will walk and gather data intermittently for 1–2 hours per day, can sit and stand at his leisure. Will perform CFS reviews and discuss with employees. Will assist with timekeeping and rural route[.] Emplouee [sic] will enter data into computer for rural route manger [sic] program, CSDRS, effectiveness, 4240 program and station input. Employee will gather information for these entries from individual carrier cases and must walk to cases to retrieve necessary information intermittently. Employee will sit and review no record mail, and take mail for each route to carrier for review and discussion. Employee will sit and review NOVM mail for all routes, reviewing each piece for class and endorsement and then handle properly.

Of these listed duties, Mr. Sprehe testified at deposition that he specifically performed computer input duties related to the 4240 program, which is the rural mail carrier timesheet program. On numerous occasions, Mr. Sprehe requested higher level pay from Jack Sauer, the Postmaster at the Parker Post Office, but Mr. Sprehe's compensation was not increased.

On January 24, 2005, Mr. Sprehe contacted an Equal Employment Opportunity Commission ("EEOC") Counselor; he filed a complaint alleging discrimination based upon his disability on May 23, 2005. The Administrative Law Judge granted the Defendants' Motion for Summary Judgment on August 28, 2006, but the EEOC reversed this decision on August 27,

2008. As was his prerogative, Mr. Sprehe opted to initiate this litigation rather than continue with the administrative processing of his complaint before the EEOC.

### III. Issues Presented

Mr. Sprehe brings this action for discrimination under the Rehabilitation Act, 29 U.S.C. § 791. He alleges that he was subjected to discrimination based on his disability when he was (I) placed on non-pay status from June 1995 to December 1996[1] and (ii) did not receive increased compensation for "higher level" work between May 1999 and May 2005.

The Defendants move for summary judgment on both claims. They contend that Mr. Sprehe's non-pay claim is barred due to his failure to exhaust administrative remedies, and if not, that he has failed to submit sufficient evidence to demonstrate his ability to prove a *prima facie* claim. As to the inadequate compensation claim, they contend that is limited in scope to the two years prior to his contact with the EEO Counselor, and that Mr. Sprehe has not presented sufficient evidence to satisfy his burden under the burden-shifting framework applicable to summary judgment motions for discrimination claims.

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party

---

[1] The Complaint specifies the time period as August 1995 to November 1996, but the record evidence establishes that Mr. Sprehe was on non-pay status from June 1995 to December 1996.

with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

When the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

V. Analysis

A. The non-pay status claim (June1995 - December 1996)

The Defendants argue that Mr. Sprehe failed to timely exhaust his administrative remedies with respect to the non-pay claim because he did not contact an EEO Counselor within 45 days of the alleged discriminatory act.[2] Under federal regulations, a plaintiff who alleges discrimination by an executive agency must consult with an EEO Counselor prior to filing a complaint to attempt informal resolution before a formal action is initiated. *See* 29 C.F.R. § 1614.105(a). Contact with the EEO Counselor must be initiated with 45 days of the date of the action that is alleged to be discriminatory. *See* § 1614.105(a)(1). Tolling of the 45-day limit is appropriate in circumstances

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 11614.105. The claimant bears the burden of proof with regard to tolling. *See Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

In this case, the evidence is undisputed that Mr. Sprehe first met with an EEO Counselor

---

[2] It is slightly unclear which party bears the burden of proof with respect to whether Mr. Sprehe timely met with an EEO Counselor. In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit and the burden of demonstrating jurisdiction rests on the plaintiff. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *Southway v. Cent. Bank of Nig.*, 328 F.3d 1267, 1274 (10th Cir. 2003). However, there is some indication that *timely* contacting an EEO Counselor is not jurisdictional, but rather more akin to a statute of limitations, for which the defendant bears the burden of proof. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that timely filing an EEO Complaint is not a jurisdictional); *Hanlen v. Henderson*, 215 F.3d 1336 (Table), 2000 WL 628205, at *3 (noting that courts have likened the 45-day deadline to a statute of limitations); *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996). Regardless, the date that Mr. Sprehe first contacted the EEO Counselor is undisputed.

on January 24, 2005, eight years after the period of non-payment concluded. Mr. Sprehe **argues** that he is entitled to such tolling because he repeatedly asked Mr. Sauer, the Parker Postmaster, whether he should contact an EEO Counselor and was told that he did not need to do so. However, Mr. Sprehe has presented no evidence to establish such facts. Indeed, the record is devoid of evidence as to how many conversations occurred in the eight year period, when they occurred or their content. In addition, there is no evidence that during the entire eight year period Mr. Sprehe was unaware of the time limit, that he otherwise was prevented from contacting a counselor, or that when he learned of his obligation to contact a counselor, that he did so promptly. Given the long delay between the non-pay period and Mr. Sprehe's contact with the EEOC, evidence supporting continuous delay is particularly important. The 45-day contact period is short, and presumably designed to encourage prompt reporting. Although statements made by Mr. Saur might justify some delay in reporting, such a substantial delay requires evidence justifying not only an initial delay, but also one that lasted for eight years.

The Court finds that Mr. Sprehe has not come forward with sufficient evidence to support his claim that the 45-day period was tolled. As a result, his claim regarding placement on non-pay status is barred for failure to exhaust administrative remedies. Given this result it is unnecessary to address the sufficiency of Mr. Sprehe's substantive showing.

B. **The inadequate payment claim (May 1999 - May 2005)**

The Court begins with the Defendants' contention that Mr. Sprehe has not come forward with sufficient evidence to establish a *prima facie* claim under the traditional burden-shifting framework as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Rehabilitation Act claims are subject to the framework established in *McDonnell Douglas*. *See Cummings v. Norton*, 393 F.3d 1186, 1189 n.1 (10th Cir. 2005).

Under the *McDonnell Douglas* framework, a plaintiff bears the initial burden of presenting a *prima facie* claim of discrimination. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). If the plaintiff makes an evidentiary showing sufficient for a *prima facie* case, the burden shifts to the defendant to articulate some "legitimate, nondiscriminatory reason" for its action. *See Kendrick*, 220 F.3d at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant presents such a reason, then the plaintiff bears the ultimate burden of showing that these proffered reasons are merely pretext for unlawful discrimination. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 (10th Cir. 2000).

To establish a *prima facie* case of discrimination, Mr. Sprehe must demonstrate that (i) he is disabled under the Act; (ii) apart from the disability, he would be otherwise qualified for his job; (iii) the job is with the U.S. Postal service; and (iv) he was subjected to an adverse employment action because of his disability. *See Jarvis v. Potter*, 500 F.3d 1113, 1121 (10th Cir. 2007); *Roberts v. Progressive Independence, Inc.*, 183 F.3d 1215, 1221 (10th Cir. 1999).

For purposes of this motion, the Defendants do not contest Mr. Sprehe's ability to demonstrate the first three elements, instead arguing only that Mr. Sprehe cannot demonstrate the final element—that he was subjected to an adverse employment action because of his disability. With regard to this element, the Defendants concede (for the purposes of the motion) that not paying Mr. Sprehe what he requested was an adverse action, however, they contend that Mr. Sprehe cannot establish that this was the result of discrimination based upon his disability.

Mr. Sauer was the person of whom Mr. Sprehe requested higher compensation, and who presumably denied his request. Mr. Sprehe has submitted evidence that Mr. Sauer repeatedly referred to him and other disabled employees as "sick, lame, and lazy." To establish an inference of discriminatory animus through derogatory comments, a plaintiff may show a causal

connection between the comments and the adverse employment action by showing that the comments were directed at the plaintiff, the plaintiff's position, or the policy that resulted in the adverse employment action. *See Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1457 (10th Cir. 1994); *EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 489 (10th Cir. 2006). Here, Mr. Sauer's comments were directed at Mr. Sprehe, in particular. Drawing all inferences in favor of Mr. Sprehe, the Court finds that these comments are sufficient to create an inference of discriminatory animus.

In response, the Defendants offer a legitimate, non-discriminatory reason that Mr. Sprehe was not paid at a higher rate—that the work he performed was not of the type for which higher compensation was required. Thus, the burden shifts back to Mr. Sprehe to demonstrate that this reason is mere pretext for discrimination.

To show that an employer's proffered nondiscriminatory reason for an employment action is pretextual, a plaintiff must produce evidence showing that the employer's reason has such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions such that a reasonable factfinder could rationally find it unbelievable. *See Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997).

Mr. Sprehe **argues** that pretext is demonstrated because the work he performed justified a higher level of pay than that which he received.[3] It is somewhat unclear from the record what Mr. Sprehe did that deserved greater compensation. There is no comprehensive description of the tasks Mr. Sprehe actually performed, nor why he deserved greater compensation than what he was paid. Sometimes Mr. Sprehe refers to the work as "supervisory" or "managerial", but

---

[3] In this context, Mr. Sprehe again refers to Mr. Sauer's derogatory statements about disabled people. Although this might create an inference of discriminatory intent, it has no bearing upon what level of work Mr. Sprehe performed or the rate at which it was compensated.

there is nothing in the record that explains who or what was supervised or managed. Without evidence of what tasks deserved greater compensation and why, Mr. Sprehe cannot demonstrate pretext.

Mr. Sprehe states that Sid Henderson, the current postmaster at the Parker Post Office, testified at deposition that Mr. Sprehe performed supervisory level work. The record does not support this contention. Mr. Henderson was not the postmaster during the period at issue. Indeed, he testified that he had no knowledge of what duties Mr. Sprehe performed. Mr. Henderson was presented with a list of abstract duties, some of which he characterized as part of a supervisor's duties. He limited his characterizations, however, to his subjective opinion and to the time he has served as postmaster in Parker. Of the duties that Mr. Henderson classified as being performed by a supervisor, only one was both included in the job description and was performed by Mr. Sprehe—work on the 4240 program. As to the 4240 program input, Mr. Henderson testified that at the time Mr. Sprehe performed it, it would not have been a managerial or supervisory task.

Mr. Sprehe's also relies upon an opinion by the Merit Systems Protection Board to demonstrate that the work he performed was supervisory. However, this opinion does not address the work that Mr. Sprehe performed from May 1999 to May 2005. Instead it focuses on a job offer made in 2008.

Finally, Mr. Sprehe also argues that another employee, Cathy Yearout, took over some of his duties, and that she was compensated at a higher level than he had been. Assuming this to be true, it does not necessarily lead to the conclusion that the tasks assumed by Ms. Yearout were themselves deserving of higher compensation. They may have been lower level tasks added to other more complex or difficult duties. The record contains no evidence of what her duties were,

what duties she assumed from Mr. Sprehe, why the duties were transferred, her compensation or whether her compensation was correlated to the duties she assumed from Mr. Sprehe.

None of the evidence offered by Mr. Sprehe, viewed separately or collectively, is sufficient to demonstrate prextext because none demonstrates that the duties he performed were entitled to greater compensation than that which he was paid. As a consequence, he has failed to present sufficient evidence to create a genuine issue of fact for determination. Accordingly, the Defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that

(1) The Defendants' Motion for Summary Judgment **(#30)** is **GRANTED**.

(2) Summary judgment is entered in favor of Defendants and against Mr. Sprehe on all claims.

(3) The Clerk of Court is directed to close this case.

Dated this 4th day of May, 2010

                                          **BY THE COURT:**

                                          */s/ Marcia S. Krieger*

                                          Marcia S. Krieger
                                          United States District Judge